IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
CIVIL ACTION

| | | |
|---|---|---|
| TERESA CIRILLO | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | DOCKET NO. |
| | : | |
| 300 GATEWAY, LLC | : | |
| Defendant | : | **COMPLAINT** |

AND NOW, come the plaintiff, by and through her attorney, Tyler Sacchetta, Esquire, and aver as follows:

1. Federal jurisdiction in this matter is asserted pursuant to 28 U.S.C. §1332. Venue is properly laid within the United States District Court for the District of Delaware pursuant to 28 U.S.C. §1391(b).

**Parties**

2. Plaintiff, Teresa Cirillo, is an adult individual and citizen of the State of Florida, residing at 29215 Snook Circle, No 24, Punta Gorda, FL 33982.

3. Defendant, 300 Gateway, LLC, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware, with an principal place of business located at 1200 West Avenue, New Castle, DE 19720 who can be served care of their registered agent, Mehul Khatiwala, 561 N. Dupont Highway, Dover, DE 19901.

**Facts**

4. The facts and occurrences herein stated took place on or about November 21, 2020 at or about 5:00 - 6:00 p.m. at the Best Night Inn / Knights Inn located at 1200 West Avenue, New Castle, Delaware.

5. At all relevant times hereto, defendant was in exclusive possession, management and control of the property located at 1200 West Avenue, New Castle, Delaware.

6. At all relevant times hereto, defendant was responsible for maintenance of the property located at 1200 West Avenue, New Castle, Delaware.

7. On or about November 21, 2020, while plaintiff was lawfully on the aforesaid premises she was caused to suffer significant injury as a result of a defective condition of the premises, i.e. broken and/or defective shower/shower door, which was poorly maintained and caused to and allowed to be left in a dangerous condition by defendant causing an unreasonably dangerous condition to exist

8. As a result of the negligence of the defendant, plaintiff sustained injuries as set forth below.

**FIRST CAUSE OF ACTION**
**Negligence Claim of Teresa Cirillo**

9. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

10. The accident was caused exclusively and solely by the defendant's negligence, in that:

   a. defendant caused or permitted dangerous conditions to exist;

   b. defendant failed to make a reasonable inspection of the premises, which would have revealed the dangerous condition created by defendant;

      c.      defendant failed to give warning of the dangerous condition and failed to erect barricades or to take any other precautions to prevent injury to Plaintiff;

      d.      defendant failed to remove the defective condition;

      e.      defendant failed to exercise reasonable prudence and due care to keep the premises in a safe condition for the plaintiff; and

      f.      defendant was otherwise negligent under the circumstances.

11. At all times relevant hereto, defendant acted themselves or through their employees, servants, and agents.

12. Defendant themselves or through their employees, servants, and agents either had actual notice of the unsafe and dangerous condition of the premises and sufficient time to correct the dangerous situation, caused said condition to exist through their own negligence, or the condition existed for so long a period of time prior to the occurrence that defendants, in the exercise of due care, could and should have known of the unsafe and dangerous condition of the premises.

13. Solely as a result of the negligence of defendant, plaintiff was caused to suffer various physical injuries, including, but not limited to, injuries to her right lower extremity, right leg, right shin with multiple fractures requiring multiple surgeries, with loss of function, scarring and disfigurement.

14. As a direct result of the aforesaid injuries, plaintiff suffered severe shock to her nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

15. Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

16. As a result of her injuries, plaintiff may have suffered a permanent disability and a permanent impairment of her earning power and capacity

17. As a result of her injuries, plaintiff has suffered a permanent diminution of her ability to enjoy life and life's pleasures.

18. As a result of her injuries, plaintiff has incurred and may in the future continue to incur unreimbursed wage loss and medical expenses.

19. As a direct result of the injury, plaintiff has been prevented from attending to her usual duties and obligations, and believes that she may be prevented from so doing in the future, as her injuries seem to be permanent in nature.

WHEREFORE, plaintiff demands judgment against the defendant in an amount in excess of the $75,000.00 threshold plus interest and costs.

*/s/ Tyler Sacchetta, Esquire*
TYLER SACCHETTA, ESQUIRE
Attorney I.D. No. 6514
Sacchetta & Baldino
1201 N. Orange Street
Suite 7543
Wilmington, DE 19801
(302) 573-2507
tyler@sbattorney.com
Attorney for Plaintiff